UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA C.,<br><br>               Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | Case No. 25-cv-11522<br><br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS MOTIONS
FOR SUMMARY JUDGMENT
(ECF NOS. 10 & 12)**

## I.    Introduction

Plaintiff Barbara C. appeals the final decision of defendant

Commissioner of Social Security (Commissioner), which denied her

application for supplemental security income (SSI) under the Social

Security Act. Both parties consented to the undersigned conducting all

proceedings under 28 U.S.C. § 636(b) and moved for summary judgment.

ECF No. 8; ECF No. 10; ECF No. 12.

After a hearing below, an administrative law judge (ALJ) found:

1

1. Plaintiff had the severe impairments of "degenerative disc disease of the cervical spine; peripheral neuropathy; asthma; chronic obstructive pulmonary disease; emphysema, epilepsy; migraine headaches; depression; anxiety; posttraumatic stress disorder; and cannabis use disorder."  ECF No. 7-1, PageID.37.

2. Plaintiff had no impairments that met or medically equaled a listed impairment.  *Id.,* PageID.37-38.

3. Plaintiff had the residual functional capacity (RFC) to perform light work "except she can only occasionally reach overhead with her right upper extremity.  The claimant can only frequently, as opposed to continuously, balance, crouch, and kneel; only occasionally stoop, crawl, and climb stairs; and never climb ladders.  Furthermore, the claimant must avoid concentrated exposure to extreme cold, extreme heat, humidity, wetness, fumes, odors, dusts, gases, and vibration.  The claimant must also avoid all exposure to hazards such as dangerous moving machinery and unprotected heights.  Additionally, the claimant is limited to performing simple, routine, repetitive tasks in jobs with few, if any, changes in the work setting and no production rate pace work."  *Id*., PageID.41.

Relying on the testimony from a vocational expert, the ALJ found that jobs existed in the national economy that plaintiff could perform, and that plaintiff was not disabled.  *Id.*, PageID.53-54.

## II.    Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the ALJ failed to properly evaluate both her allegations of pain and physical dysfunction, as well as the opinion of state agency psychological consultant Edward Czarnecki, Ph.D.  ECF No. 10,

3

PageID.1338, 1342-1354; ECF No. 13, PageID.1378-1382.  The Court disagrees and affirms the ALJ's decision.

## B.

Plaintiff claims that the ALJ failed to properly evaluate her subjective symptoms of pain and difficulty walking, citing her hearing testimony that she could not walk for more than 15 to 20 minutes.  ECF No. 10, PageID.1343-1348.

An ALJ's subjective symptom evaluation should not be disturbed "absent compelling reasons."  *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).[1]   The regulations set forth a two-step process for evaluating a plaintiff's subjective symptoms.  First, the ALJ evaluates whether objective medical evidence of an underlying condition exists and whether that condition could reasonably be expected to produce the alleged symptoms.

---

[1] SSR 16-3p eliminated use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character."  *Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018).  Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight.  *See, e.g.*, *Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018).

20 C.F.R. § 416.929(a); Social Security Ruling (SSR) 16-3p.  If so, the ALJ addresses any work-related limitations by determining the intensity, persistence, and limited effects of these symptoms.  20 C.F.R. § 416.929(a); SSR 16-3p.  In sum, ALJs assess whether the symptom claims are "consistent with the objective medical and other evidence in the individual's record."  SSR 16-3p.

To evaluate the limiting effects of subjective symptoms, ALJs consider all available evidence, including the plaintiff's history, laboratory findings, statements by the plaintiff, and medical opinions.  20 C.F.R. § 416.929(a).  Although a plaintiff's description of her symptoms will "not alone establish that [she] is disabled," *id*., the ALJ may not disregard the plaintiff's subjective complaints because they lack substantiating objective evidence.  SSR 16-3p.  Along with objective evidence, ALJs must consider a plaintiff's daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; the type, dosage, and side effects of medication to alleviate symptoms; and any other treatment or measures used to relieve pain.  20 C.F.R. § 416.929(c)(3).

The ALJ accurately summarized plaintiff's subjective reports that she had trouble walking.  For example, he noted that in June 2022 plaintiff reported having experienced "weakness in her legs when walking over the

previous few weeks."  ECF No. 7-1, PageID.42.  The ALJ cited several medical records describing plaintiff as having a "slow gait."  *Id*., PageID.43-45.  He also noted that, in May 2023, plaintiff "reported 3 recent episodes of imbalance while walking."  *Id*., PageID.45.  But the ALJ concluded that the alleged "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  *Id*., PageID.48.

The ALJ reasoned that the "objective medical studies and clinical examination findings do not fully corroborate [plaintiff's] alleged symptoms and limitations."  *Id*., PageID.48.  He pointed out that plaintiff reported leg weakness at a June 2022 appointment, but "Dr. Pinson observed that the claimant had no musculoskeletal tenderness, no focal neurological deficits, and no lower extremity edema."  *Id*., PageID.42-43.  And while a treating physician observed plaintiff to have "slow gait" at a February 2023 appointment, plaintiff also "presented as alert and oriented" with "intact ability to walk without an assistive device," and with "normal motor strength, symmetric deep tendon reflexes, and intact sensation."  *Id*., PageID.44.  The same observations were made at a May 2023 appointment.  *Id*., PageID.45.

6

The ALJ also found that plaintiff's "history of intermittent treatment and mixed compliance with medical recommendations suggested that [her] symptoms may not be as limiting as she has generally alleged." *Id.,* PageID.49.  And plaintiff "described daily activities that are not limited to the extent one would expect given her allegations of disabling symptoms." *Id*.  She grocery shopped, prepared meals, helped with household cleaning, did laundry, babysat her grandchildren, used public transportation, and went for daily walks.  *Id.*  Plaintiff does not challenge the ALJ's description of her daily activities.  And the ALJ rightly considered plaintiff's daily activities when assessing whether the evidence supported the limiting effects of her subjective symptoms.  § 416.929(c)(3).

Plaintiff cites fragments of some medical records that she claims support her assertion that she had trouble walking and accuses the ALJ of "cherry-picking" the record.  ECF No. 10, PageID.1345-1346.  The evidence she relies on is insufficient for her to meet her burden of showing that she required a more restrictive RFC.  *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).  And the Court has no discretion to reweigh the evidence in the manner plaintiff requests.  *Cutlip*, 25 F.3d at 286.

## C.

Plaintiff claims that the ALJ failed to properly evaluate the medical source opinion of state agency psychological consultant Edward Czarnecki, Ph.D.  ECF No. 10, PageID.1349-1354; ECF No. 13, PageID.1380-1382. Dr. Czarnecki concluded that plaintiff "retains the mental capacity to sustain simple, routine, repetitive tasks with simple decision making and infrequent simple changes in routine."  ECF No. 7-1, PageID.50-51, 132.  The ALJ found Dr. Czarnecki's opinion persuasive.  ECF No. 7-1, PageID.50-51. Thus, the ALJ's assessed RFC limited plaintiff "to performing simple, routine, repetitive tasks in jobs with few, with any, changes in the work setting and no production rate pace work."  *Id*., PageID.41.

Plaintiff claims that the ALJ "failed to incorporate a crucial limitation assessed by Dr. Czarnecki."  ECF No. 10, PageID.1350.  Dr. Czarnecki opined that she "was able to handle infrequent simple changes in routine," but the ALJ found that she "was able to handle few changes in the work setting."  *Id.*  Contrary to plaintiff's suggestion, an ALJ need not adopt all opined limitations verbatim, even if he finds the opinion persuasive. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Although the ALJ gave great weight to Dr. Torello's opinion, he was not required to incorporate the entirety of her opinion, especially those findings

8

that are not substantially supported by evidence in the record."); *Borger v. Comm'r of Soc. Sec.*, 20-CV-01930-JGC, 2021 WL 6297536, at *9 (N.D. Ohio Dec. 17, 2021) ("An ALJ may rely on the limitations contained in a medical opinion when forming the RFC, but is not required to adopt all opined limitations, even if he finds the opinion persuasive.").

Besides, plaintiff mischaracterizes the ALJ's decision.  She claims that while Dr. Czarnecki "limited Plaintiff to only 'simple' changes, the ALJ allowed Plaintiff to have any type of changes."  ECF No. 10, PageID.1350. But as the Commissioner notes, the ALJ's RFC determination as whole does not support plaintiff's interpretation.

> The ALJ did not just limit Plaintiff to "few, if any, changes in the work setting"; he also limited her to "performing simple, routine, repetitive tasks" and "no production rate pace work" (ECF No. 7-1, PageID.41).  Taken together, this combination of limitations accounts for Dr. Czarnecki's finding that Plaintiff could tolerate "infrequent simple changes in routine" (ECF No. 7-1, PageID.132).  Because the ALJ limited Plaintiff to performing only *simple* tasks with few, if any, changes in the work setting, it is inherent that Plaintiff would not have to deal with more than simple changes in the work setting.

ECF No. 12, PageID.1374.

The Court agrees that the ALJ's RFC determination captured the essence of Dr. Czarnecki's recommended limitations.  To conclude otherwise "would parse the ALJ's language too finely."  *Carver v. Colvin*, 600 F. App'x 616, 620 (10th Cir. 2015).

9

### III.   Conclusion

The Court **DENIES** plaintiff's motion for summary judgment (ECF No. 10), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 12), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

<u>s/Elizabeth A. Stafford</u>
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 29, 2026

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2026.

<u>s/Caitlin Shrum</u>
CAITLIN SHRUM
Case Manager